

U.S. Atty. Robert H. Edmunds, Jr., M.D.N.C., Greensboro, N.C., for plaintiff.

Michael A. Grace, Winston–Salem, N.C., for defendant.

### MEMORANDUM OPINION

BULLOCK, District Judge.

Defendant Brian Mills ("Mills") was named in the first count of an eight-count superseding indictment alleging a conspiracy to distribute and to possess with intent to distribute kilogram quantities of cocaine hydrochloride, and in seven substantive counts. The five-day trial of Mills and three alleged co-conspirators commenced before this court on December 9, 1991. Immediately prior to resting his case, Mills moved to dismiss the indictment because the only witness who testified before the grand jury concerning his involvement, Drug Enforcement Administration (DEA) Agent John Robert Ingram, testified at trial that his identification of Mills was erroneous. The court took the motion under advisement and gave the parties an opportunity to brief the matter later, even if a verdict was rendered against Mills.

**UNITED STATES of America**

v.

**Brian Keith MILLS.**

**No. CR–91–88–13–G.**

United States District Court,
M.D. North Carolina, Greensboro Division.

May 27, 1992.

At the close of all the evidence, the court dismissed Counts Two, Three, Four, Six, Seven, and Eight of the indictment as to Mills. The jury returned a verdict of guilty on the Count One conspiracy charge and not guilty on the Count Five possession with intent to distribute charge. Mills renewed his motion to dismiss the indictment after the verdict based on his contention that the grand jury indicted him solely because of Agent Ingram's erroneous testimony. Both parties briefed the issue. A hearing on the motion to dismiss was held on April 8, 1992, at which time the court received a copy of Agent Ingram's grand jury testimony.

### I.

The relevant facts are the following. Sometime in 1990, after approximately twenty of his colleagues in the drug trade were arrested as a result of a DEA investigation, Samuel Manko ("Manko") surrendered himself to DEA agents in Miami and became a government witness. Manko was a supplier of kilogram quantities of cocaine to buyers along the Eastern Seaboard. Agent Ingram debriefed Manko over a two-day period, learning about Manko's delivery of multiple kilograms of cocaine to various people in the Greensboro area on numerous occasions. Several of these deliveries allegedly occurred at the Reidsville, North Carolina, business of Glenn Mark, Jr. Manko told Ingram that someone other than Mark was present during the Reidsville transactions to take possession of the cocaine, but Manko did not identify the other person by name.

Ingram told the grand jury that he presented Manko with a photo array in early 1991 in an effort to obtain the identity of the person who took delivery of the cocaine in Reidsville. Before the grand jury, Ingram testified that Manko picked Mills' photograph from the photo array. At trial, Manko testified that he identified George Brincefield in the photo array. Manko testified that he told Ingram about Mills only in conjunction with Mills' presence at a 1988 transaction in Raleigh, North Carolina. Ingram testified at trial that he realized Manko had identified Brincefield from the photo array, but that he confused Mills' name with Brincefield's when he told the grand jury that Manko had identified Mills. Ingram did not tell the grand jury about the 1988 transaction in Raleigh allegedly involving Mills.

Ingram also testified at trial that the only other person to testify before the grand jury was Ann Stanley. At trial, Stanley testified that she knew of no one named Brian Mills. Mills and the United States agree that the only grand jury witness who mentioned Mills was Ingram, and that Ingram's testimony was erroneous.

### II.

The grand jury indicted Mills solely because of the erroneous testimony of Agent Ingram. There is no allegation that the erroneous testimony was procured by perjury, prosecutorial misconduct, or fundamental errors in the grand jury process. The parties agree that the indictment is facially valid. Therefore, the court must determine whether the indictment of Mills should be dismissed absent any of the factors traditionally required to justify dismissal. *See, e.g., United States v. Porter*, 909 F.2d 789 (4th Cir.1990) (outrageous government conduct does not justify dismissal of indictment); *United States v. Shuck*, 895 F.2d 962 (4th Cir.1990) (prosecutorial misconduct before grand jury does not justify dismissal); *Coppedge v. United States*, 311 F.2d 128 (D.C.Cir.1962), *cert. denied*, 373 U.S. 946, 83 S.Ct. 1541, 10 L.Ed.2d 701 (1963) (perjured testimony before grand jury does not invalidate indictment).

In *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), the Supreme Court refused to dismiss an indictment obtained by hearsay evidence. The court feared trial delays "[i]f indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury." *Id.* at 363, 76 S.Ct. at 408; *see Lawn v. United States*, 355 U.S. 339, 349–50, 78 S.Ct. 311, 318, 2 L.Ed.2d 321 (1958); *Holt v. United States*, 218 U.S. 245, 248, 31

S.Ct. 2, 4, 54 L.Ed. 1021 (1910). In his concurring opinion in *Costello,* Justice Burton sought to limit the majority's holding:

> [I]f it is shown that the grand jury had before it no substantial or rationally persuasive evidence upon which to base its indictment, that indictment should be quashed. To hold a person to answer to such an empty indictment ... robs the Fifth Amendment of much of its protective value to the private citizen.

*Costello,* 350 U.S. at 364, 76 S.Ct. at 409.

Mills contends that the erroneous nature of the only testimony presented to the grand jury about his involvement puts him squarely within the exception posited by Justice Burton. Absent the erroneous testimony of Agent Ingram, Mills' name was not mentioned before the grand jury, and the grand jury had no other information upon which to indict him.

The Government argues that the trial testimony of other witnesses implicating Mills and the jury's verdict against him on the conspiracy charge render harmless any error in the grand jury process. These arguments find support in cases involving minor violations of the Federal Rules of Criminal Procedure. *See United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986); *United States v. Page,* 808 F.2d 723 (10th Cir.), *cert. denied,* 482 U.S. 918, 107 S.Ct. 3195, 96 L.Ed.2d 683 (1987). In a recent opinion about dismissal of an indictment, the Supreme Court held that under a harmless error standard "dismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States,* 487 U.S. 250, 256, 108 S.Ct. 2369, 2374, 101 L.Ed.2d 228 (1988) (quoting *Mechanik,* 475 U.S. at 78, 106 S.Ct. at 945–46); *cf. United States v. Williams,* —— U.S. ——, 112 S.Ct. 1735, 1746, 118 L.Ed.2d 352 (1992). No violations of the Federal Rules of Criminal Procedure are alleged, and none are apparent. Agent Ingram testified mistakenly about Mills, but there is noth-

ing in the record indicating that the prosecutor knowingly used false testimony. The evidence before the grand jury concerning Mills, albeit erroneous, provided a sufficient basis for the indictment.

Most courts, including the United States Court of Appeals for the Fourth Circuit, have relied on the *Costello* majority view in declining to dismiss indictments.

> While Justice Burton's view would indeed permit some latitude in piercing the allegations that appear on the fact of the indictment, it has never commanded another vote in the Supreme Court, and fails· to overcome the clear command of the majority in *Costello* that a facially valid indictment suffices to permit the trial of the party indicted.

*United States v. Alexander,* 789 F.2d 1046, 1048 (4th Cir.1986); *see United States v. Johnson,* 767 F.2d 1259, 1275 (8th Cir. 1985); *United States v. Short,* 671 F.2d 178, 181 (6th Cir.), *cert. denied,* 457 U.S. 1119, 102 S.Ct. 2932, 73 L.Ed.2d 1332 (1982); *United States v. Romero,* 585 F.2d 391, 399 (9th Cir.1978), *cert. denied,* 440 U.S. 935, 99 S.Ct. 1278, 59 L.Ed.2d 492 (1979); *United States v. Brown,* 574 F.2d 1274, 1277 (5th Cir.), *cert. denied,* 439 U.S. 1046, 99 S.Ct. 720, 58 L.Ed.2d 704 (1978). *But see United States v. Tane,* 329 F.2d 848, 853–54 (2d Cir.1964).

Given a facially valid indictment, no allegation of perjury or prosecutorial misconduct before the grand jury, trial testimony by several witnesses implicating Mills, and the great weight of authority holding that a facially valid indictment should not be disturbed, this court must deny Mills' motion to dismiss the indictment.